IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


DENNIS GALE HUBBARD,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:07-00010

JAMES HUPPENTHAL,

    Respondent.

<u>MEMORANDUM OPINION</u>

On January 5, 2007, petitioner filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  (Doc. No. 1.)  By Standing Order entered August 1, 2006, and filed in this case on January 8, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings and Recommendation. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on March 20, 2007.  (Doc. No. 10.)  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss the petitioner's petition because he has not exhausted his state remedies pursuant to 28 U.S.C. § 2254.  For the following reasons, in an accompanying Judgment Order, the court adopts Magistrate Judge VanDervort's findings and recommendations.  Accordingly, in an accompanying Judgment Order, the court hereby (1) dismisses petitioner's petition (Doc. No. 1); (2) denies petitioner's application to proceed without prepayment of fees (Doc. No. 4); and (3) directs

the Clerk to remove this action from the active docket of this court.

## I. Background

On September 11, 2006, after a trial by jury, petitioner was convicted of second degree murder in the Circuit Court of Mercer County.  (Doc. No. 1 at 1; see also State v. Hubbard, Case No. 06-F-139 (Cir. Ct. Mercer Co., Oct. 31, 2006).)  He was given a forty-year sentence. (Id.)  On August 7, 2006, before petitioner was found guilty or sentenced, he filed a document with this court which was docketed by the Office of the Clerk of this court as a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  (See Hubbard v. State of West Virginia et al., Civil Action No. 1:06-00610, Doc. No. 1 (S.D. W. Va.).)  In that document, petitioner alleged that he was receiving inadequate medical care in jail and that conditions in the jail cell where he was being held pending trial were substandard.  (Id. at 1-2.)  On November 6, 2006, petitioner subsequently filed a letter-form motion asking the court to amend his earlier pleading to raise his damages request from $100 million to $500 million and to request an immediate injunction against the "state, County and City of Bluefield Police Department."  (Civil Action No. 1:06-00610, Doc. No. 3 at 1.) Petitioner also sought records that would prove his innocence. (Id.)

On December 15, 2006, Magistrate Judge VanDervort entered an Order construing petitioner's allegations in his initiating document filed on August 7, 2006, as raising claims cognizable under 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254, because his allegations challenged the conditions of his confinement. (Civil Action No. 1:06-00610, Doc. No. 4.) The Order advised the petitioner that if he wished to challenge his conviction and sentence under 28 U.S.C. § 2254, he should submit a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (<u>Id.</u>) Petitioner subsequently filed his instant § 2254 petition, as well as an Application to Proceed Without Prepayment of Fees. (Doc. Nos. 1 & 4.)

In his § 2254 petition, petitioner sets forth similar allegations as those raised in his pending § 1983 action, including his allegations that he is being denied proper medical care. (Doc. No. 1 at 6-8.) Petitioner also claims that he filed an appeal of his conviction and sentence in the underlying criminal action to the West Virginia Supreme Court of Appeals, but had "received no answer as of December 19, 2006." (<u>Id.</u> at 12.)

On February 12, 2007, petitioner filed a letter with the court which was docketed in this action, as well as in his pending § 1983 action, in which he raises further allegations about inadequate medical treatment and again asserts his innocence, claiming that he did not receive a fair trial. (Doc.

-3-

No. 6.)  Petitioner also attached a copy of a letter he sent to
the Clerk of the West Virginia Supreme Court of Appeals in which
he asserts that the Public Defender's Office has not been in
contact with him since October 23, 2006, approximately one week
before his sentencing.  (Id. at 3-5.)  In addition, petitioner
attached a copy of a letter from the Clerk of the West Virginia
Supreme Court of Appeals which acknowledges receipt of a petition
for writ of habeas corpus filed with the Court on November 22,
2006.  (Id. at 6.)

On February 13, 2007, petitioner filed another letter, which
was again docketed in both cases, wherein he claims that he is
not receiving adequate medical care and is being mistreated in
jail.  (Doc. No. 7.)  Petitioner further states that he wishes to
bring a claim for ineffective assistance of counsel and restates
his belief that he did not receive a fair trial.  (Id.)  Another
letter from petitioner was docketed on March 23, 2007, wherein
petitioner states in support of his claim of innocence that he
has witnesses who can testify to the fact that at least one trial
witness allegedly took bribes and that the victim, Ricardo Lee,
allegedly "committed unlawful entry" and was told to leave.
(Doc. No. 12.)  He also claims that the transcript of his trial
will exonerate him.  (Id.)

By Standing Order entered August 1, 2006, and filed in this
case on January 8, 2007, this action was referred to United
States Magistrate Judge R. Clarke VanDervort for submission of

-4-

Proposed Findings and Recommendation.  Magistrate Judge
VanDervort submitted his Proposed Findings and Recommendation on
March 20, 2007.  (Doc. No. 10.)  In that Proposed Findings and
Recommendation, the magistrate judge recommended that this court
dismiss the petitioner's petition because he has not exhausted
his state remedies pursuant to 28 U.S.C. § 2254.

        Magistrate Judge VanDervort based his conclusion that
petitioner has not exhausted his state remedies on two facts.
First, Magistrate Judge VanDervort contacted the Office of the
Circuit Clerk of Mercer County, West Virginia, and was advised
that petitioner has not filed a direct appeal of his criminal
conviction, but that he was granted a two month extension to do
so on February 23, 2007.  (Doc. No. 10 at 5.)  Second, Magistrate
Judge VanDervort contacted the Office of the Clerk of the West
Virginia Supreme Court of Appeals and was advised that petitioner
has a pending writ of habeas corpus in which petitioner alleges
that he was wrongfully convicted and that the public defender's
office has failed to file an appeal.  (Id. at 5-6.)

        In accordance with the provisions of 28 U.S.C. § 636(b), the
parties were allotted ten days, plus three mailing days, in which
to file any objections to Magistrate Judge VanDervort's Proposed
Findings and Recommendation.  The petitioner filed his objections
on March 26, 2007.  (Doc. No. 13.)  In his objections, petitioner
states that the Office of the Circuit Clerk of Mercer County has
not notified him of any extension of his right to appeal his

-5-

murder conviction.  (Id. at 1.)  However, petitioner also
indicates that he would want to file an appeal, if he still has
an opportunity to do so.  (Id. at 2.) ("If in fact I have been
granted an extension.  That being on the 23rd of February then I
have time to get this to my wife and get it to the clerks (sic)
office.  However, I do not trust them.")  The court has conducted
a *de novo* review of the petitioner's claims and now considers the
petitioner's objections to the magistrate judge's findings and
recommendation.

## II.  Analysis

28 U.S.C. §2254(b)(1) provides that

> [a]n application for a writ of habeas corpus
> on behalf of a person in custody pursuant to
> the judgment of a State court shall not be
> granted unless it appears that--
> (A) the applicant has exhausted the remedies
> available in the courts of the State . . . .

To exhaust state remedies, a federal habeas petitioner must
present his claims to the state's highest court.  Fisher v.
Angelone, 163 F.3d 835, 851 (4th Cir. 1998).  The purpose of the
exhaustion requirement is to give "state courts the first
opportunity to consider alleged constitutional errors occurring
in a defendant's state trial and sentencing."  Matthews v. Evatt,
105 F.3d 907, 910 (4th Cir. 1997).  However, a state prisoner
need not seek United States Supreme Court review of the state
court's decision, Fay v. Noia, 372 U.S. 391, 435 (1963)

-6-

(overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72 (1977)), nor must a state prisoner use state procedures for collateral review, such as state court habeas corpus mechanisms, Roberts v. LaVallee, 389 U.S. 40, 42-43 (1967).

In this case, it is clear that petitioner has not yet exhausted state remedies. On April 5, 2007, this court contacted the Office of the Circuit Clerk of Mercer County, West Virginia, and was advised that petitioner has not yet filed a direct appeal of his criminal conviction. However, a representative of the Clerk's Office confirmed that he was granted a two month extension to file his appeal on February 23, 2007. This court also contacted the Office of the Clerk of the West Virginia Supreme Court of Appeals to determine the status of the writ of habeas corpus petitioner filed in that Court. The court was advised that petitioner's writ of habeas corpus was originally to be resolved at the Court's February 15, 2007 Writ Conference, but that its disposition has been deferred for reasons unknown.

Because petitioner is still in the process of exhausting his state court remedies, this court must dismiss petitioner's petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1.) However, while petitioner can currently only challenge *the fact of his conviction* by filing an appeal before the West Virginia Supreme Court of Appeals, petitioner can continue to challenge the *conditions of his confinement* in federal court through his § 1983 action, Hubbard

-7-

<u>v. State of West Virginia, et al.</u>, Civil Action No. 1:06-00610, Doc. No. 1 (S.D. W. Va.).  <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498-99 (1973).

## III.  Conclusion

For the foregoing reasons, in a Judgment Order filed herewith, the court: (1) dismisses petitioner's petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1); (2) denies petitioner's application to proceed without prepayment of fees (Doc. No. 4); and (3) directs the Clerk to remove this action from the active docket of this court and to mail and FAX a certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 19th day of April, 2007.

ENTER:

David A. Faber
Chief Judge